Narine ZILFUGHARYAN; Araksya Simirjyan; Grigor Simirjyan, Petitioners,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 04–72363.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2007.*

Filed Nov. 19, 2007.

---

*** The Honorable Robert J. Timlin, United States District Judge for the Central District of California, sitting by designation.

**** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

P. Joseph Sandoval, Los Angeles, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Norah Ascoli Schwarz, Esq., Luis E. Perez, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ and McKEOWN, Circuit Judges, and TRAGER **, Senior Judge.

MEMORANDUM ***

Narine Zilfugharyan ("Zilfugharyan"), her husband Grigor Simirjyan ("Mr. Simirjyan") and their sixteen-year-old daughter Araksya Simirjyan (collectively "petitioners"), natives and citizens of Armenia, petition for review of the decision of the Board of Immigration Appeals ("BIA"), summarily affirming the denial by Immigration Judge Beverly M. Phillips (the "IJ") of their applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). The BIA also summarily affirmed the IJ's approval of petitioners' request for voluntary departure.

The parties are presumed to be familiar with the facts and procedural history of this case. Because the IJ found Zilfugharyan's testimony credible, and the BIA did not make a contrary finding, we accept the facts given by petitioners and the reasonable inferences to be drawn from them as true. *See Zheng v. Ashcroft,* 332 F.3d 1186, 1189 n. 4 (9th Cir.2003).

## I. Eligibility for Asylum

The IJ found that Zilfugharyan and her family had suffered past persecution, but that they were ineligible for asylum because they did not have a subjectively genuine and objectively reasonable well-founded fear of persecution. This conclusion is not supported by the record evidence, which shows that petitioners have met both the subjective and objective prongs of the "well-founded fear" test. *See Ladha v. INS,* 215 F.3d 889, 897 (9th Cir.2000).

Zilfugharyan testified credibly to her fear of future persecution. Therefore, she has met the subjective prong of this test.[1] *See Ladha,* 215 F.3d at 897.

But Zilfugharyan testified that she waited to depart for the United States because visas for her husband and daughter were not available until October 2000. That one would not wish to abandon her family to secure her own safety is not inconsistent with having a fear of future persecution. The IJ's conclusion that Zilfugharyan did not have a subjective fear of persecution is, therefore, improperly based on conjecture rather than the available record of evidence. *See Bandari v. INS,* 227 F.3d 1160, 1167 (9th Cir.2000) (IJ's conclusions about

** The Honorable David G. Trager, Senior United States District Judge for the Eastern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The IJ suggested that Zilfugharyan had not met the subjective prong, stating that Zilfugharyan's testimony was "undermined" by her failure to leave Armenia when she received visas in March 2000 and June 2000.

Because Zilfugharyan has shown past persecution, she is also presumed to have an objectively well-founded fear of future persecution. *See Duarte de Guinac v. INS,* 179 F.3d 1156, 1159 (9th Cir.1999) (citing 8 C.F.R. § 208.13(b)(1)). The IJ, citing Zilfugharyan's testimony and the Armenia *Country Report,* found that the government had rebutted this presumption, primarily because the political party supported by petitioners has ascended to some power in the Armenian parliament. But the IJ's assessment of changed country conditions in Armenia fails for two reasons.

First, Zilfugharyan's second arrest in November 1999, and the ongoing harassment of Mr. Simirjyan that she testified followed that arrest, took place after the political successes of the People's Party and the Unity Party in the 1999 elections. Because petitioners' political party did not protect them from past persecution, the IJ's conclusion that this party connection would protect them in the future was purely speculative.[2]

Second, although the *Country Report* relied on by the IJ described political improvements in Armenia, it also described the persistence of abusive police practices. Evidence of changed country conditions does not rebut a well-founded fear of persecution when the type of persecution suffered by the petitioner still persists. *See Ali v. Ashcroft,* 394 F.3d 780, 789 (9th

Cir.2005); *Mamouzian v. Ashcroft,* 390 F.3d 1129, 1137–38 (9th Cir.2004).

Therefore, the IJ's finding that the government has met its burden of proof, and that petitioners were ineligible for asylum, is not supported by substantial evidence.

## II. Withholding of Removal

A showing of past persecution also gives rise to a rebuttable presumption that the petitioner is entitled to withholding of removal. *See Navas v. INS,* 217 F.3d 646, 657 (9th Cir.2000). As already stated, the evidence of changed country conditions does not rebut this presumption. Moreover, based on the existing record of evidence, we conclude that it is more likely than not that petitioners will again suffer persecution if they return to Armenia and resume their political activities. Accordingly, petitioners are entitled to withholding of removal.

## III. Relief Under CAT

Based on the existing record, however, we cannot say that it is "more likely than not" that petitioners would be tortured upon return to Armenia. *See* 8 C.F.R. § 208.16(c)(2). Petitioners' evidence would not compel any reasonable fact-finder to determine that the IJ erred in denying relief. *See Ali,* 394 F.3d at 791. Accordingly, we affirm the IJ's determination that petitioners are ineligible for relief under CAT.

---

how a petitioner should have behaved is impermissible speculation that cannot replace substantial evidence).

**2.** The IJ also concluded that this second arrest did not support a fear of future persecution because it was part of a supposedly "legitimate investigation" that had been completed. But petitioners credibly described the arrests, which followed the October 1999 assassinations of members of Zilfugharyan's own political party, as a pretense

for the harassment and extortion of people who had run afoul of the Armenian security forces. Zilfugharyan also testified that she and her husband were targeted for arrest (and subsequent abusive treatment) in November 1999 because of their political affiliation. Because Zilfugharyan was targeted for detention and abuse due to her political opinion, this incident supports her asylum claim even if some of the motives for her arrest were legitimate. *See Ratnam v. INS,* 154 F.3d 990, 996 (9th Cir.1998).

## Conclusion

For the foregoing reasons, we grant the petition for review and find petitioners statutorily eligible for asylum and withholding of removal. We remand for the exercise of the Attorney General's discretion with respect to the asylum claim, and for the grant of withholding of deportation. However, we affirm the IJ's decision that petitioners do not meet the criteria for protection under CAT and deny the petition as to that form of relief.

GRANTED in part; REMANDED in part; DENIED in part.